MOORE, Circuit Judge,
with whom O’MALLEY, REYNA, and WALLACH, Circuit Judges, join,
dissenting from the denial of the petition for rehearing en banc.
I agree with Judge O’Malley’s dissent. The facts of this case conclusively establish that the injunction was final as to claim 26. For that reason, the district court’s contempt order should have been affirmed.
The majority reaches too far back to unravel á long settled, fully resolved aspect of the case. After an expensive, mul-ti-year litigation with a full trial which Defendant lost, it ought not to be able to turn around and rely on the PTO to undo the prior district court litigation. To allow this encourages defendants to scrap and fight to keep underlying litigation pending in the hope that they will fare better with the PTO[1] and then be able to unravel the district court judgment against them. See also Fresenius USA, Inc. v. Baxter Int’l, Inc., 721 F.3d 1330 (Fed.Cir.2013); Versata Computer Indus. Solutions, Inc. v. SAPAG, 564 Fed.Appx. 600 (Fed.Cir.2014).
In this case, for example, the Defendant had a full and fair opportunity to litigate validity. It lost and judgment was entered against it. An injunction was entered. The injunction was affirmed on appeal, at least as to claim 26. The district court then entered a contempt judgment against the Defendant for violating that injunction. After the verdict against it, the PTO can-celled claim 26. And this court has now held that the entire district court proceeding, including the contempt judgment can be unwound. I have no problem with the prospective elimination of an injunction following a determination that the patent at issue is invalid. But when a defendant has been adjudicated to be in contempt of a post-appealed final injunction, as in this case, subsequent invalidation of the patent cannot unravel the contempt judgment. The contempt judgment is directed at redressing the violation by the defendant of the court order. The district court here properly determined that the injunction *1315 was final and that the Defendant was in contempt.
I do not agree with the majority that the injunction in this case was not final. More generally, there are problems with a system which permits defendants to snatch victory from the already closed jaws- of defeat. Whether these problems are to be resolved by the Supreme Court through its precedent on finality or through Congress, this sort of gamesmanship ought to be curtailed. I have no problem with the dual track system Congress has created, but for at least a subset of cases, defendants are abusing the process by doing both. This is wasteful of judicial, executive, and party resources, and it is just plain unfair. Congress intended the IPR/CBM/reexam route to be an alternative to district court litigation of certain validity issues, not du-plicative of them.

. And it is not surprising that defendants pursue PTO review proceedings given that there exists a lower burden of proof for invalidity (preponderance versus clear and convincing) and given that the PTO uses a claim construction construct — broadest reasonable interpretation — that makes invalidation based on prior art easier. And while I question the wisdom and propriety of the applicability of the broadest reasonable construction standard in IPR proceedings, this is not the appropriate case for consideration of this standard.